UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHIE SORENSEN,

      Plaintiff,

v.                                 Case No: 8:16-cv-3500-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

# OPINION AND ORDER

Plaintiff, Kathie Sorensen, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), the parties filed memoranda setting forth their respective positions, and Plaintiff filed a reply to Defendant's memorandum. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful

employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair

record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on January 26, 2013, and an application for SSI on February 21, 2013, alleging a disability onset date of August 1, 2010, in both applications. (Tr. 254-66). Plaintiff's claims were denied initially on May 6, 2013, and upon reconsideration on August 16, 2013. (Tr. 159-69, 174-83). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") David J. Begley on October 8, 2014. (Tr. 30-74). On April 30, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 12-23). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on October 27, 2016. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) on December 27, 2016. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2010, the alleged onset date. (Tr. 15). At step two, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia, degenerative joint disease of the right shoulder, and depression. (Tr. 16). At step three, the ALJ found that Plaintiff

did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing of ladders, ropes, and scaffolds; only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no concentrated exposure to humidity and extreme heat and cold; and is limited to detailed but not complex work limiting the individual to semi-skilled work.

(Tr. 18). At step four, the ALJ found that Plaintiff was not capable of performing her past relevant work as a maintenance worker and janitorial service supervisor. (Tr. 21).

At step five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in the national economy in significant numbers that Plaintiff can perform. (Tr. 21). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform the jobs of laundry sorter, folder, and wearing apparel shaker. (Tr. 22). The ALJ concluded that Plaintiff was not under a disability from August 1, 2010, the alleged onset date, through April 30, 2015, the date of the decision. (Tr. 23).

**II.     Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to account for Plaintiff's severe impairments in formulating the RFC; and (2) whether the ALJ erred by failing to comply with SSR 00-4p and to properly resolve a conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles. The Court will address each issue in turn.

### A. Whether the ALJ erred by failing to account for Plaintiff's severe impairments in formulating the RFC.

Plaintiff argues that the ALJ erred by failing to explain how his finding that Plaintiff had a moderate limitation in concentration, persistence, and pace, and a severe degenerative joint disease of the right shoulder impairment were incorporated into the RFC finding. (Doc. 19 p. 9). Citing to *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1181 (11th Cir. 2001), Plaintiff argues that the ALJ's RFC finding that Plaintiff could perform "detailed but not complex work limiting [her] to semi-skilled work" did not adequately account for the ALJ's previous finding that Plaintiff had moderate limitation of concentration, persistence, and pace. (Doc. 19 p. 10-11). Likewise, Plaintiff argues that the ALJ failed to explain how Plaintiff's severe impairment of degenerative joint disease of the right shoulder were accounted for in the RFC. (Doc. 19 p. 13).

In response, Defendant argues that the ALJ's RFC assessment and hypothetical question to the VE accounted for his finding that Plaintiff had moderate difficulties in concentration, persistence, or pace. (Doc. 20 p. 4). Further, Defendant argues that the ALJ accounted for Plaintiff's degenerative joint disease of the right shoulder by restricting Plaintiff's climbing and by limiting her to light work, which has attendant lifting limitations of no more than 20 pounds at a time with frequent lifting or carrying of objects weight up to 10 pounds; and some pushing and pulling of arm controls. (Doc. 20 p. 7).

In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180, the Eleventh Circuit explained "that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 631 F.3d at 1180. If, however, the evidence shows that a claimant's ability to work is unaffected by the limitation or the limitation is implicitly accounted for in the hypothetical, remand is inappropriate. *Winschel*, 631 F.3d at 1181.

In his decision, at step three, the ALJ explained that Plaintiff had moderate limitations in concentration, persistence, or pace. (Tr. 18). The ALJ noted that Plaintiff reported having difficulty concentrating nearly every day, but that she had no difficulty concentrating when she watches television, uses a computer, or goes fishing. (Tr. 18). Later in the decision, while discussing the effect Plaintiff's mental impairments have on her RFC the ALJ provided that:

> As for depression, the record shows complaints of low energy, feeling depressed or hopeless, difficulty concentration, and low self-esteem (F4/64). The claimant denied any suicidal ideation. She also sought treatment only with medication and declined a referral for mental health treatment in April 2014 (4F/67). In March 2014, the claimant's symptoms of depression were noted as "stable" with medication (8F/11). The record supports some limitations in the claimant's ability to work due to depression, but given that the claimant's symptoms are "stable" with medication, the undersigned finds that the claimant remains capable of semi-skilled work.

(Tr. 20).

Here, the Court does not find that remand is appropriate pursuant to *Winschel*. In his decision, the ALJ specifically addressed Plaintiff's mental limitations in formulating the RFC and explained his reasoning for finding Plaintiff capable of semi-skilled work. Plaintiff has failed to demonstrate that her mental impairments imposed limitations beyond the limitations in the ALJ's RFC and hypothetical question to the VE.

Furthermore, the Court rejects Plaintiff's argument that the ALJ erred by failing to properly account for Plaintiff's severe impairment of degenerative joint disease of the right shoulder in the RFC assessment. Diagnoses of impairments do not require imposition of certain specific limitations in an RFC assessment. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Plaintiff has failed to show that the severe impairment of degenerative joint disease of the right shoulder caused limitations beyond those found by the ALJ in his RFC finding.

**B. Whether the ALJ erred by failing to comply with SSR 00-4p and properly resolve a conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles.**

Plaintiff argues that the ALJ erred by adopting vocational witness testimony that was inconsistent with the Dictionary of Occupational Titles ("DOT") without obtaining an explanation for such inconsistency. (Doc. 19 p. 15). Plaintiff argues that the RFC finding and hypothetical question specified a limitation of "no concentrated exposure to humidity" which is inconsistent with the DOT job duty descriptions and requirements of the jobs identified by the vocational expert. (Doc. 19 p. 15). Plaintiff argues that the ALJ violated SSR 00-4p by failing to ask the VE if the testimony provided was consistent with the DOT. (Doc. 19 p. 15).

In response, Defendant argues that the ALJ complied with SSR 00-4p by asking the VE about any possible conflict between her testimony and the information provided in the DOT and, thus, the ALJ was not required to independently investigate the VE's testimony or further interrogate the VE. (Doc. 20 p. 9). In addition, Defendant argues that Plaintiff has failed to identify any inconsistency between the VE's testimony and the DOT, as Plaintiff wrongfully equates "concentrated exposure" with "frequent exposure." (Doc. 20 p. 10).

The purpose of SSR 00–4p is to clarify the standards for use of a vocational expert at a hearing, and requires administrative law judges to "identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT) ..." SSR 00–4p.

> When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00–4p. The Court notes that "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [citation omitted]. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference ..." *Klawinski v. Comm'r of Soc. Sec.,* 391 F. App'x 772, 775 (11th Cir. 2010).

In this case, the Court does not find it appropriate to remand on the basis the ALJ violated SSR 00-4p by failing to resolve a conflict between the VE's testimony and the DOT. At the administrative hearing, before posing a hypothetical question to the VE, the ALJ stated to the VE, "I'll assume your testimony today is based on your knowledge, education, training, and experience; and will be consistent with the DOT unless you tell me otherwise." (Tr. 58). The VE responded, "Yes, your honor." (Tr. 58). The VE did not identify any inconsistency between her testimony and the DOT. (Tr. 58-73).

While Plaintiff is correct that the ALJ did not directly ask the VE if her testimony conflicted with the DOT, the initial exchange between the ALJ and the VE's indicates that the VE understood that she needed to inform the ALJ if her testimony was inconsistent with the DOT. (Tr. 58). Thus, although in an imperfect manner, the ALJ complied with the requirements of SSR 00-4p.

In any event, Plaintiff has failed to show the VE's testimony conflicted with the DOT. The hypothetical posed to the VE included the limitation "to avoid concentrated exposure to humidity" (Tr. 58). The jobs identified by the VE include require at least "frequent" and "constant" exposure to humidity. (Doc. 19-1 p. 4, 8, 12). As Defendant notes, the DOT does not define "concentrated

exposure," which pertains to the level of exposure, whereas terms such as "frequent" and "constant" refer to frequency and are defined in the DOT.

**III.    Conclusion**

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 9, 2018.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties